Drake, Ch. J.,
delivered the opinion of the court:
Upon the facts as found, the court hold that the claimant had no cause of action.
Though his appointment as postmaster was expressed to be for four years from the date of his commission, yet the same commission also expressed that the appointment and the term were “ subject to the co'uditions prescribed by law.” That meant not only the conditions then existing, but such as Congress might thereafter prescribe. As the office existed by the authority of Congress, the right of Congress to legislate in reference to it as it pleased is one of the things not to be questioned.
The second section of the Act April 5,1869, “ to amend An act regulating the tenure of certain civil officers,(16 Stat. L., 6,) enacts “that during any recess of the Senate the President is hereby empowered, in his discretion, to suspend any cjvil officer appointed by and with the advice and consent of the Senate, except judges of the United States courts, until the end of the next session of the Senate, and to designate some suitable person, subject to be removed in his discretion by the designation of another, to perform the duties of such suspended officer in the meantime; *468 and such person so designated shall take the oaths and give the bonds required by law to be taken and given by the sus-I)ended officer, and shall, during the time he performs his duties, be entitled to the salary and emoluments of such office, no part, of which shall belong to the officer suspended; and it shall be the duty of the President, within thirty days after the commencement of each session of the Senate, * * * to nominate persons * * * in the place of all officers suspended ; and if the Senate during such session shall refuse to advisé and consent to an appointment in the place of. any suspended officer, then, and not otherwise, the President shalhnominate another person as soon as practicable, to said session of the Senate, for said office.”
The Senate was in recess on the 27th of May, 1869, when the President suspended the claimant from office, and designated a person to perform his duties as postmaster, and the claimant delivered over the office to him. This was the exercise of an entirely discretionary authority vested in the President, and which he had the most undoubted right to exert, with or without cause, and entirely independent of the question whether there was any official misconduct on the part of the officer. The claimant may have been the best postmaster ever known, without the absolute right of the President to suspend him being at all diminished; or he may have been the worst ever known, without that right being an atom strengthened.
And the law leaves nothing open to doubt as to what should become of the salary and emoluments of the officer during the period of suspension; not only providing that they should go to the person designated to perform the suspended officer’s duties, but that no part of them should belong to the suspended officer.
This would seem to leave no possible ground for any right in this claimant to any part of the salary of the office while he was under suspension. • But it was urged on his behalf, that, at any rate, he is.entitled to the salary, at fhe rate of $4,000 per annum, from the 15th of July, 1870, when the Senate rejected the nomination of his successor, to the 25th of that month, when the office was surrendered back to him. This position is untenable, in view of the express declaration of the act that the person so designated “ shall, during the time he performs Ms dirties, be entitled to the salary and emoluments.” And, as if foreseeing that some such claim as this might be made and the Govern *469 ment be made liable to pay two salaries for the same office at the same time, one of them to a person who performed no work to earn it, the negative declaration is made that no part of the salary during that time should belong to the officer suspended. The act very properly gave the salary to him who performed the duties, and denied it to him who did not perform them.
The claimant’s petition is dismissed.
Loeing, J., though not present when this opinion was announced, concurred therein.