Weldon, J.,
delivered the opinion of the court:
This suit was brought to recover compensation as a letter carrier of the city of Chicago at an increased pay .to what has been paid the claimant.
The facts are, briefly, as follows:
On the day named in the petition, to wit, the 1st of January, 1893, the claimant was appointed from the position of senior substitute on the list of substitute letter carriers of the Chicago post-office to the position of letter carrier at the Chicago post-office; detailed to duty at the World’s Fair station, at a salary of $600 per annum, and served' at said station until the day named in his petition. The city of Chicago had at the time three grades of letter carriers provided for in the act approved June 3, 1887.
On the dair named (paragraph 3), to wit, 15th day of November, 1893, the claimant was returned to the list of substitute' letter carriers instead of being detailed to other stations of said Chicago post-office and was borne on such substitute list until his appointment the second time as a regular letter carrier, to wit, December 1, 1893, when he was detailed to the stations alleged in the petition and served the time stated, to wit, one year, at a salary of $600 per annum; was then pro *604 moted. to the next grade and served at a salary of $800 per annum, and was then promoted to the grade receiving $1,000 per annum.
During the services of said claimant at the World’s Fair station, others beneath him on the substitute list of letter carriers were appointed and promoted as letter carriers in advance of claimant; and if claimant had not been returned to the substitute list at the end of his service at the World’s Fair station he would have been entitled to promotion to the $800 grade the number of months claimed in his petition sooner than he was, and into the $1,000 class the number of months claimed sooner than he was. On claimant’s appointment to the World’s Fair station, where he served for considerable time, he was dropped to the substitute roll of carriers at the Chicago office, instead of being assigned to other stations.
It is insisted by counsel that the claimant is now entitled to recover the difference between what he has received and what he would have been entitled to had he been placed in his proper grades at the end of his service at the World’s Fair station.
It is contended by the defendants that claimant not having been appointed to the grades for the salary of which he now sues, he is not entitled to recover; that conceding his right to such promotion, he is not, because of the failure to appoint him to such positions, entitled to recover in this case.
The claimant was appointed temporary letter carrier at said station at a salary of $600 per year, and it does not appear that he entered upon such service under protest, but received the salary affixed to such employment.
The claim in this proceeding is founded upon the alleged right of salary; and it has been held by this court that in order to recover for such salary the claimant must be a de jure officer of the class to which the salary is by law attached.
Salary in the law is like an express contract upon which a party sues. He must prove the existence of and performance, or readiness to perform the contract in order to recover compensation for its violation.
The right to the appointment and the right to the office upon appointment differ very materially in their legal essence.
The claimant may have been, as he alleges, entitled to promotion to the higher grades, and his failure to be appointed *605 by the proper officer may have' been illegal, but it does not follow from that that he is entitled to recover in this proceeding what he would have been entitled to had he been properly advanced.
This court in repeated adjudications has held that in order to recover a salary the claimant must be elected or appointed to such salaried position.
In the case of Romero v. The United States (24 C. Cls. R., 331) it is held, in substance, that one claiming a salary must establish his legal title to the office; it is not sufficient that he is an officer defacto.
The legal title to the office does not in this case originate in the claimant’s right to appointment, but must emanate from the legal condition that he held the office by virtue of an appointment by the person having the legal right to appoint.
In the case of Grambs v. The United States (23 C. Cls. R., 420) the court reiterated the doctrine that a person can not recover the salary of an office which he does not in law hold.
The appointing power having failed to promote the claimant to the grade to which he claims he was entitled, he can not be held to be a defacto officer within that grade because he was a de jure officer in the lower grade. Under his appointment in the lower grade he exercised and was entitled to all the rights of a de jure officer.
This court has held in the case of Miller v. The United States (19 C. Cls. R., 339) that a de facto officer holding the office in good faith and not as a usurper is entitled to the fees which have been paid him as such officer, and the same can not be recovered back.
In the case of Belcher v. The United States (34 C. Cls. R., 400) it is said in substance that the legal right of an officer to the salary of an office depends upon his being de jv/re an officer holding or entitled to hold the office.
Conceding that the claimant in this case was entitled to promotion and appointment in the higher grade, yet not having received such promotion or appointment he can not be said to be holding or entitled to hold the office.
The case at bar comes clearly within the decisions which have been made by this court upon a similar question, and is governed bjr the law of those cases.
The petition is therefore dismissed.