Hay, Judge,
delivered the opinion of the Court:
This is a suit brought by the plaintiff, Jere Austill, against the United States for certain fees which he claims are due him as United States commissioner for the Southern District of Alabama.
The accounting officers of the Treasury Department refused to pay these fees upon the ground that the plaintiff was appointed to the office which he holds by his uncle, Bobert T. Ervin, who is the United States district judge of the Southern District of Alabama; and the following statute is cited to uphold the action of the accounting officers:
“No person shall be appointed to or employed in any office or duty in any court who is related by affinity or consanguinity within the degree of first cousin to the judge of such court.” (Act of Mar. 3, 1911, 36 Stat. 1105.)
By its terms this statute prohibits the judge of the district court from appointing any person to an office who is related to him within the degree of first cousin. The appointment by the judge of any such person is illegal, and a person so appointed does not hold a legal title to the office to which he has been appointed. It is not denied that the plaintiff is within the prohibited degree, and he is therefore not legally entitled to the office. It is argued on behalf of the plaintiff that the office of United States commissioner is not such an office as is contemplated by the statute. But it is an office to which the judge of the court makes the appointment, and is an office from which the appointee can be removed in the discretion of the judge making the appointment; the judge, in effect, controls the office, and the officer has duties to perform which can be regulated by the judge of the court making the appointment. The scope of the statute is very broad and includes all offices which are in the gift of the judge.
The plaintiff, however, claims that he was a de facto officer, and as such is entitled to his fees. The right of a de facto officer to sue for fees has been frequently passed upon by this court. In the case of Romero v. United States, 24 C. Cls. 331, 335, it is said: “The judicial decisions are uniform that one claiming a salary must prove his legal *234 title to the office, and that an officer de facto and not de jure can not maintain an action for salary ”; Grambs v. United States, 23 C. Cls. 420; Morey v. United States, 35 C. Cls. 603; Belcher v. United States, 34 C. Cls. 400. The petition must be dismissed. It is so ordered.
Graham, Judge; DowNey, Judge; Booth, Judge, and Campbell, Chief Justice, concur.