Whaley, Chief Justice,
delivered the opinion of the court:
The plaintiff filed his petition on February 12, 1940, and the material allegations therein show that he was appointed February 21, 1924, as a physician in the San Francisco Regional Office of the Veterans’ Administration; that on June 6, 1933, he was placed on “administrative furlough, without pay” at which time he was serving as a physician at a salary of $3,800.00 per annum; that he had had considerable experience in military service prior to his appointment and had creditably and satisfactorily performed required duties in the Veterans’ Administration until the time of his furlough; that under Section 5, of Civil Service Rule Nil, he had also acquired the right to Veteran preference in the matter of retention in the service during periods of reduction in force for failure of appropriations or lack of work; that he was not accorded this right but that the “administrative furlough”, was used to circumvent the Civil Service Rule because he was approaching the retirement age; that he was carried on a furlough status from June 6, 1933, to February 15, 1934 and on the latter date his name was dropped from the roll pursuant to the general policy thereafter adopted of dropping an employee’s name from the roll, as surplus, after it had remained thereon for six months without assignment to duty; that vacancies were filled by promoting persons lower in standing than the plaintiff and the vacancies resulting from such promotions filled by persons of .lower grades, and that these positions could have been filled by plaintiff; that the action of the *310 Veterans’ Administration was contrary to tire Civil Service rules and abrogated the so-called merit system; that plaintiff could only have been removed from his position according to the provisions of Sec. 6 of the Act of August 24,1912 (37 Stat. 539, 555); that plaintiff on August 5, 1935, made a formal demand on the Medical Directors, Veterans’ Administration, to be reinstated in his position and such demand was denied; that following plaintiff’s intercession with the Civil Service Commissioner, the Commission refused to take action in the matter; and that plaintiff claims the right to the position of physician in the Veterans’ Administration as of February 14,1934, and claims all the rights and privileges of the. position including salary, promotion privileges, seniority and retirement rights. Plaintiff prays the Court to determine his right to the office from that date.
It will be seen from the allegations of the petition that plaintiff was removed from office on February 15, 1934, and someone else placed in the position and that this latter party has been performing the duties and receiving the salary; and that plaintiff asks this court to restore him to his former position and to give judgment for the amount of back salary which he would have received if he had performed the duties of the office.
The jurisdiction of this court is to give judgment for money demands affecting the United States. United States v. Jones, 131 U. S. 1, 17, 19.
The restoration to an office is not within the jurisdiction of the court. The function.of the court is judicial and not administrative. Keim v. United States, 177 U. S. 290, 295, 296.
The issue presented by the plaintiff is one of title to office. The position held by the plaintiff and from which he was removed is now occupied by another who claims the legal right to the office. The Court of Claims has no jurisdiction to try title to office. In the case of Goodwin v. United States, 76 C. Cls. 218, 233, 234, it was said:
It is unnecessary for us to pass on the question of whether the removal was legal or illegal. The sole question for our consideration is, Has the plaintiff a cause of action cognizable within the jurisdiction of this court? *311 The first thing to be considered is, Who has the title to the office? If the plaintiff does not have the title to the office, then he is not entitled to the salary.
When the plaintiff was removed another officer was appointed in his place and the office has been filled by another ever since. From the time of the plaintiff’s removal and ever since, the salary of the office has been paid to the incumbent of the office. In order for the plaintiff to be entitled to recover the salary of the office, it is necessary first to establish his right to the title to the office. This court has no jurisdiction of an action which has for its purpose the reinstatement of the plaintiff to the office from which he has been removed. Nicholas v. United States, 55 C. Cls. 188, 192.
In Arant v. United States, 55 C. Cls. 327, 338, Chief Justice Campbell, after a review of the authorities, said:
“When, however, an attempted removal has been made and the officer sues for the salary, he necessarily puts in issue his right to the office. It was held by this court in Romero's case, 24 C. Cls. 331, in an opinion by Chief Justice Eichardson, that one claiming a salary must prove his legal title to the office, and that only an officer de jiure can maintain an action for salary. This ruling has been followed in other cases — Morey case, 35 C. Cls. 603; Jackson case, 42 C. Cls. 39. But the title to an office which is claimed by two persons cannot be determined in a suit by one of them for salary. The jurisdiction to determine the title is exercised either by certiorari, mandamus, quo warranto, or its statutory substitute, or by some other extraordinary remedy. In re Sawyer, 124 U. S. 200, 212. The person in possession of the office and exercising its duties is entitled to a hearing on .the question of his right to the compensation provided, and to the office as well, and such a hearing cannot be accorded in an action for salary alone, or in the Oowrt of Claims at all. When a wrongful removal is made or attempted, and no one is appointed to the supposed vacancy, the officer who can show the unlawfulness of his removal and that he is entitled to the office, has beén allowed to sue for and recover the salary.” [Italics ours.]
The petition also shows that although the alleged cause of action arose on February 15, 1934, the date plaintiff was dropped from the roll, he did not file suit in this court until February 12, 1940, a period of five years and more than eleven months.
*312 This Court and the Supreme Court have repeatedly held that such a long period elapsing before an assertion of a right amounts to laches and there can be no recovery. Arant v. Lane, 249 U. S. 367, 372.
In the above case the court held:
When a public official is unlawfully removed from office, whether from disregard of the law by his superior or from mistake as to the facts of his _ case, obvious considerations of public policy make it of first importance that he should promptly take the action requisite to effectively assert his rights, to the end that if his contention be justified the Government service may be disturbed as little as possible and that two salaries shall not be paid for a single service.
Under circumstances which rendered his return to the service impossible, except under the order of a court, the relator did nothing to effectively assert his claim for reinstatement to office for almost two years. Such a long delay must necessarily result in changes in the branch of the service to which he was attached and in such an accumulation of unearned salary that, when unexplained, the manifest inequity which would result from reinstating him renders the application of the doctrine of laches to his case peculiarly appropriate in the interests of justice and sound public policy.
For the reasons assigned above, the petition is dismissed.
It is so ordered.
LeetletoN, Judge; and GreeN, Judge, concur.
Whitaker, Judge, took no part in the decision of this case.