Green, Judge,
delivered the opinion ,of the court:
The plaintiff in this case sues to recover salary as postmaster from June 18,1936, to March 24,1937.
Plaintiff qualified for the office of postmaster of the town of Milford, Massachusetts, by a civil-service examination. His name was submitted to the Senate by the President for advice and consent to the appointment. Favorable action was taken by the Senate on June 8, 1936, and on that date the President was officially advised of this action. June 16, Í 936, the President officially advised the Postmaster General, in writing, of the appointment of plaintiff as postmaster of Milford, Massachusetts, and directed the Postmaster General to issue a commission evidencing such appointment for a period of four years from the date of the order.
By letter dated June 17, 1936, the Postmaster General advised plaintiff of his appointment by the President and stated in the same letter, “You are without authority to enter upon your duties until your commission has been issued. This will be done upon your execution and return of the enclosed bond and oath.” On June 19, 1936, plaintiff duly executed the prescribed bond and oath of office referred to above, and returned the same to the Post Office Department where it was received on June 23,1936. The bond and oath were retained in the Post Office Department until February 24, 1937, and during that time no action was taken thereon. On that date the bond and oath were returned to the plaintiff and across the bond was marked “Keturned for cancellation.” Shortly after the bond and oath were returned to the Post Office Department, the Deputy First Assistant Postmaster General, who had supervision of the nomination lists and issuance of commissions, was told by the executive clerk of the White House, over the telephone, that tire President had directed that the commission should not be issued in this case. Accordingly no commission was issued to the plaintiff.
The Post Office Department keeps a card index of postmasters, made out from the President’s letters of directions *72 to issue commissions. In this card index plaintiff’s name was placed on a card and kept in the files until the forepart of the year 1937, about 30 days prior to the appointment of one Higgiston as postmaster of the town of Milford, on March 24,1937. While this card remained in the files plaintiff received from the Post Office Department communications addressed to him as postmaster, and he was ready to assume the duties of postmaster but the acting postmaster told plaintiff he could not turn the office over to him until he had received his commission. Plaintiff did not perform any of the duties of postmaster, although he was at all times ready, able, and willing so to do, nor did he receive any salary or compensation as postmaster.
In defense it is contended that the suit is one to try the title to the office and consequently not within the jurisdiction of the court; that plaintiff has failed to prove a cause of action against the United States for salary as postmaster; and that the court is barred by Section 260 of Title 28, U. S. Code, (section 154 of the Judicial Code) from entertaining this suit because at the time he filed the petition herein plaintiff had pending in the District Court of the District of Columbia a suit against the Postmaster General seeking a writ of mandamus to compel him to issue to plaintiff the commission in question in the suit now before this court.
It is conceded that this court has repeatedly held that it has no jurisdiction to try title to office. Among the cases so holding are the following: Arant v. United States, 55 C. Cls. 327; Goodwin v. United States, 76 C. Cls. 218; 289 U. S. 753; Krueger v. United States, 83 C. Cls. 412; and Barry v. United States, 83 C. Cls. 413. Each of these cases was a suit for salary but in all of them the court held that it was without jurisdiction.
It is contended on the part of the plaintiff that these cases have no application because it was claimed therein that the employee who brought suit was not removed from the office by competent authority and that the suit was brought to test the validity of the form of removal. But this was not the basis upon which these cases were determined. They were decided upon' a general principle which is applicable to the case before us. The plaintiff had no *73 right to the salary unless he had title to the office. To succeed in his action he must first show that he had a right •to the office and all the evidence that has been produced in the case bears upon the question of whether he, in fact, became postmaster and has been shown to have had title to the office. This presents a question which we have no jurisdiction to determine.
It is argued by plaintiff that the opinion in the Arant ■case, supra, supports the contention of plaintiff that he has a right to maintain this suit by approving the decision in United States v. Wickersham, 201 U. S. 390, in which Wick-ersham was held entitled to maintain action and recover ■the salary for which he sued because he had been suspended by a subordinate official who had no authority so to act. It will be observed, however, in the Wiehersham ease that the plaintiff did have title to the office, and never lost it for the reason that he was not dismissed but was merely suspended by an official who had no power so to act. In the •case now before us the question is whether the plaintiff ever •acquired title to the office. In the Arant ease, supra, this ¡court said:
* * * But the title to an office which is claimed by two persons can not be determined in a suit by one of them for salary. The jurisdiction to determine the title is exercised either by certiorari, mandamus, quo warranto, or its statutory substitute, or by some other extraordinary remedy. In re Sawyer, 124 U. S. 200, 212.
In Goodwin v. United States, supra, the court quoted from Arant v. United States, supra, as follows:
* * * It was held by this court in Romero's case, 24 C. Cls. 331, * * * that one claiming a salary must prove his legal title to the office, and that only an officer de jure can maintain an action for salary. This ruling has been followed in other cases — Morey ease, 35 C. Cls. 603; Jackson case, 42 C. Cls. 39.
The plaintiff did not perform any of the duties of postmaster and the salary presumably was paid to the acting postmaster who conducted the office. In several cases we have held that an action for a salary can not be maintained when it has been paid to a de faeto officer who discharged the duties of the position, and a number of authorities to *74 that effect are cited in the Arañé case, supra. The uniform holding of this court has been that in such a situation suit must be brought to determine title to the office in a court having jurisdiction, prior to any action to recover the salary. Plaintiff brought such a suit, but it was dismissed.
What has been said above makes it unnecessary to consider the other defenses pleaded. The petition of plaintiff must be dismissed and it is so ordered.
LxttuetoN, Judge; and Whaley, Chief Justice, concur.
Whitaker, Judge, took no part in the decision of this case.