*97 The court decided that the plaintiff was not entitled to recover in an opinion per curiam as follows:
In 1945 the plaintiff’s regular position was that of a Commissioner of Conciliation in the United States Conciliation Service in the Department of Labor. The head of that *98 Service was requested by the National Mediation Board, which has the function, among others, of conducting elections among railroad employees for the selection of collective bargaining agents, to loan Commissioners of Conciliation to the Board for the temporary duty of conducting an election among certain employees of the Pennsylvania Railroad. The election was to be conducted at various places on the railroad on different days from August 20 to September 20, 1945. The plaintiff was so loaned to the National Mediation Board, under an arrangement whereby the Department of Labor was to continue to pay his salary, and the Board was to pay his travel expenses and his per diem of $6.00 per day.
The schedule of the voting is shown in Finding 4. It was necessary for the plaintiff, in an automobile supplied by the Board, to get to the scheduled places in time to see that the voting could go forward, to perform the supervisory duties recited in Finding 5, and, after the closing of the polls, to put the ballots in a sealed envelope and mail them in a post office, addressed to the Board.
The polls were not open more than 8 hours on any day, but they opened at 6 a. m., which of course required the-plaintiff to leave his hotel early, and made it difficult to find a place to get breakfast. On a few occasions it was necessary to travel at night in order to arrive at the next voting place on time. It was hecessary, in order for a ballot to be valid, that it be stamped with a seal which was in the plaintiff’s custody, and which he kept on his person except when it was locked in his trunk at night.
The plaintiff sues for compensation for overtime allegedly worked during this 30-day assignment. In his petition he says he worked 198.25 hours of overtime. This would amount to some 7 hours a day, on the working days. But in the stipiilation of the parties, and in an affidavit of the plaintiff, received in lieu of his oral testimony, no figures or details are given which would enable us to arrive at even a rough estimate of overtime worked, if any substantial amount was-worked. From the plaintiff’s oral argument, it seems that he would count the time used in getting from his hotel to' the polling place, meanwhile finding a place to eat and getting *99 bis breakfast. We suppose that time so spent could not properly be counted as overtime for pay purposes.
The case as a whole shows the wisdom of the requirement of Section 201 of the Federal Employees Pay Act of 1945, 59 Stat. 296, 5 U. S. C. 911, which says that compensation shall be paid for overtime officially ordered and approved. If in this case, overtime had been officially ordered, there would, of course, have been some administrative consideration of what should be considered overtime. Thought would have been given to whether, in such a task as that assigned the plaintiff, the inconvenience of getting up early, and of traveling considerable distances to work at different places each day, would be a part of normal routine, or an undue hardship to be compensated for by overtime. The fact that the plaintiff’s regular job was that of a Commissioner of Conciliation who, we suppose, had to do his conciliating where and when he could find the disputants, might cause an administrator to decide that the inconveniences suffered by the plaintiff during his temporary assignment did not constitute overtime.
The plaintiff urges that the vei’y fact that he was assigned to do the work which he did was an official order to work overtime, since it must have been contemplated that overtime would be necessary. He says that Section 401 C of the Regulations issued by the Civil Service Commission, 10 Fed. Reg. 8194, approved by the President, 10 Fed. Reg. 8191, pursuant to Section 605 of the 1945 Act, which Regulation forbids the payment of overtime unless ordered or approved in writing by an officer authorized to do so by the head of a department, in effect has nullified the overtime pay provision of the statute, in the instant case. The regulation seems to us to be only a necessary safeguard against subjecting the Government to improper expense.
But as we have said, the plaintiff has failed to prove, even approximately, what he did that could be counted as overtime. It is, therefore, unnecessary to resolve the legal questions which the plaintiff has raised.
The petition will be dismissed. It is so ordered.