Whitaker, Judge,
delivered the opinion of the court:
Plaintiff in each of these cases sues for overtime pay. *503 Each of them was an investigator in the Alcohol Tax Unit of the Treasury Department, Bureau of Internal Revenue. Plaintiff Tabbutt was employed in the detection and seizure of illegal speakeasies and stills, and in preventing the transportation of illegal liquor. Plaintiff Goldstein was in. charge of investigations of violation of the Floor Stocks Tax Act and the National and Federal Firearms Act. Plaintiff Matlack was also employed in the enforcement of the Floor Stocks Tax Act and the Federal Firearms Act.
In compliance with the rules of the Alcohol Tax Unit, each of these employees submitted a daily report. Tabbutt’s daily reports showed that from July 1, 1945, to June 30, 1949, he worked a total of 5,446% hours overtime. Gold-stein’s reports showed that from May 1, 1943, to July 15, 1947, he worked 1,177% hours overtime. Matlack’s reports showed that from May 11,1944, to July 15, 1947, he worked 943% hours overtime. Each of them sue for this overtime under the provisions of the War Overtime Pay Act of 1943 (57 Stat. 75), and the Federal Employees Pay Act of 1945 (59 Stat. 295).
All three suits were filed after these employees had separated themselves from the service.
Both the War Overtime Pay Act of 1943 and the Federal Employees Pay Act of 1945 provide for the payment of overtime “officially ordered or approved.” The Federal Employees Pay Act of 1945 reads in part:
Sec. 201. Officers and employees, to whom this title applies shall, in addition to their basic compensation, be compensated for all hours of employment, officially ordered or approved, in excess of 40 hours in any administrative workweek, at overtime rates as follows * * *.
The War Overtime Pay Act of 1943 contained the same requirement that overtime be “officially ordered or approved.”
Executive Order 9289, approved December 26, 1942 (3 CFR, Cum. Supp. 1244), prohibited employees being required to work in excess of the officially established hours of duty, except upon the order of the head of the department, *504 or such officer or employee as had been delegated specific authority to require such additional work.
The Civil Service Commission also issued a regulation under the War Overtime Pay Act of 1943, which provided: “no overtime in excess of the administrative workweek shall be ordered or approved except by an officer or employee to whom such authority has been specifically delegated by the head of the department or agency.” 5 CFE, Cum. Supp. sec. 20.9, as amended December 6, 1943, 5 CFE, 1943 Supp., sec. 20.9.
Following the passage of the Federal Employees Pay Act of 1945 the Civil Service Commission, pursuant to the authority granted it, issued another regulation (5 CFE, sec. 25.141 (c)) which provided in part:
* * * No such excess overtime shall be ordered or approved except in writing by an officer or employee to whom such authority has been specifically delegated by the head of the department or independent establishment or agency. * * *
Pursuant to this Executive order and these regulations of the Civil Service Commission, and pursuant as well to the inherent authority of the head of any department to regulate the affairs of that department, the Treasury Department on January 6, 1943, issued Treasury Department Personnel Circular No. 44. This provided that no overtime compensation may be paid “unless the working of the extra time is officially ordered or approved in advance by the Administrative Assistant to the Secretary.”
Also, on July 8, 1943, the Commissioner of Internal Eeve-nue issued a circular (Alcohol Tax No. 394) which provided also that the overtime “must have been officially authorized or approved by the Administrative Assistant to the Secretary in advance.” In a subsequent paragraph, however, this circular provided as follows:
Where Bureau or field operating officials find it necessary, because of administrative exigencies, to require employees to work in excess of 48 hours in a week and are unable to obtain prior approval of the Administrative Assistant to the Secretary, because of time limitation, requests to give post-approval for the working of *505 the overtime shall be submitted to the Bureau accompanied by detailed reports outlining and justifying each case and clearly setting forth the reasons why advance approval could not have been obtained.
Another circular of the Commissioner of Internal Revenue, dated July 17, 1945 (Alcohol Tax No. 472, Supp. 1), provided that overtime must be approved in advance by the Director of Personnel. This also provided, in accordance with section 202 (a) of the Federal Employees Pay Act of 1945, that employees might receive compensatory time off in lieu of overtime pay when they requested it.
The findings show that neither the Administrative Assistant to the Secretary of the Treasury, nor the Commissioner of Internal Revenue, nor the Director of Personnel of the Bureau of Internal Revenue ever ordered or approved the overtime worked by the plaintiffs in these cases. None of them ordered or approved it in advance, nor did they ratify it after the work had been done. No request therefor was ever made. The only semblance of an approval by any official was the approval by the Investigator-in-Charge of the Eastern District, or by the group head at the Philadelphia office, of the daily reports made by the plaintiffs. His approval of these daily reports could hardly be said to take the place of an order for these men to work overtime,' or of an approval of their claim to compensation for having done so. But whether or not it could be so construed, the order or approval of these officials of the overtime worked could not entitle them to make a claim for overtime pay, because these officials had no authority to order or approve overtime. Only the Administrative Assistant to the Secretary of the Treasury, or the Commissioner of Internal Revenue, or the Director of Personnel of the Bureau of Internal Revenue could do so.
It is, therefore, manifest that plaintiffs are not entitled to recover. Their petitions are dismissed. Cf. Charles Johnson Post v. United States, No. 48532, 121 C. Cls. 94, decided December 4, 1951.
Howell, Judge; Madden, Judge; Littleton, Judge; and Jones, Chief Judge, concur.