Ora Erskine GAINES
v.
The UNITED STATES.
No. 200-54.

United States Court of Claims.
June 7, 1955.

S. Patrick Robinson, Birmingham, Ala., for plaintiff.

Kathryn H. Baldwin, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

Plaintiff, a former employee of the Civil Aeronautics Administration, and a veteran, seeks in this action to recover (1) compensation for alleged official overtime services, and (2) back pay from January 2, 1954, for alleged wrongful separation from the service through reduction-in-force proceedings. Plaintiff also requests that this court reinstate him in his former position and grant him classified civil-service status.

The case comes before this court on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.

The facts as alleged in the pleadings, briefs, affidavits and exhibits, are as follows: Plaintiff, a veteran preference eligible, was employed on May 13, 1946, under a temporary appointment as an aircraft inspector by the Civil Aeronautics Administration, Department of Commerce. Shortly thereafter, he was transferred to Region 1, the headquarters of which is at New York, N. Y., and which includes, among other states, the

Commonwealth of Virginia. During the period September 15, 1948, to and including September 20, 1950, plaintiff was employed as an aviation safety agent in the Richmond, Virginia, district office under the immediate supervision of Hamilton B. Gowin. Plaintiff's duties in such position required a considerable amount of travel for which a per diem allowance was paid in addition to regular compensation, and plaintiff was permitted wide latitude in determining the necessity of travel, and his schedules pertaining thereto, in the performance of official duty.

During the year 1951, plaintiff filed with the General Accounting Office a claim for compensation for overtime services allegedly performed during the period September 15, 1948, through September 20, 1950, as an employee in said Richmond district office. On January 28, 1952, the Comptroller General of the United States denied plaintiff's claim on the grounds (1) that it appeared plaintiff was claiming compensation for time spent in travel between headquarters and itinerary points as an aircraft inspector, for which time he had been paid a per diem allowance; and (2) that the records showed no overtime services officially authorized or approved during the period of his claim.

Subsequently, when plaintiff was employed in the Atlanta, Georgia, office of the Civil Aeronautics Administration, he was served with a notice advising him that the agency proposed to reassign him to Tampa, Florida, under reduction-in-force proceedings. Plaintiff appealed this decision to the regional director of the Civil Service Commission, and prior to reply by the Commission, accepted a transfer to the Birmingham, Alabama, office of the agency. On July 8, 1953, plaintiff was advised by the regional director of the Civil Service Commission that as an indefinite employee he had been properly reached for reduction in force and had no mandatory reassignment rights; and that since he had been transferred to an identical position and grade, it was clear that no Commission regulations had been violated. After further appeal to the Commission's Board of Appeals and Review, plaintiff was given like advice on August 26, 1953.

Thereafter, and on November 24, 1953, plaintiff was given a notice of proposed agency action to separate him from the service through reduction-in-force proceedings, effective January 2, 1954. As an indefinite employee, plaintiff was placed in group III–A on the retention register. On December 4, 1953, plaintiff appealed this decision of the agency to the regional director of the Civil Service Commission. Plaintiff was granted a hearing in which he contended that the agency had retained non-veterans in positions for which he was qualified, and that agency officials had unlawfully denied him status as a permanent employee. The findings made by the appeal examiner on March 12, 1954, and approved by the regional director disclose that plaintiff was an indefinite employee and properly placed in retention subgroup III–A; that under Executive Order No. 10157, U.S.Code Cong.Service, 1950, p. 1635, plaintiff was not recommended for competitive, i. e., permanent status; that at plaintiff's competitive level there two employees in retention group III and that both were issued reduction-in-force notices and separated from the service; and that plaintiff had been properly reached for separation and no controlling regulations had been violated.

On March 18, 1954, plaintiff appealed this decision to the U. S. Civil Service Commission. On June 3, 1954, plaintiff was advised by the chairman of the Board of Appeals and Review that the previous decision was affirmed.

In this posture of the case, three questions are presented for our consideration and decision, as follows: (1) whether plaintiff is entitled to any compensation for overtime work under the Federal Employees Pay Act of 1945, 59 Stat. 295, 5 U.S.C.A. § 901 et seq.; (2) whether plaintiff's separation from the service was accomplished in accordance with the provisions of section 12 of the Veterans' Preference Act of 1944, 58 Stat. 387, 390,

5 U.S.C.A. § 861, and applicable Civil Service Commission regulations; (3) whether this court has jurisdiction to reinstate plaintiff in his former position or to give him classified civil-service status.[1]

In his petition plaintiff alleges that he was required to be on official duty in excess of the prescribed 40-hour work week; that he made claim to the Comptroller General of the United States for compensation for this overtime and that such claim was denied.

Plaintiff in his petition asks for payment of overtime pay under the provisions of the Federal Employees Pay Act of 1945, supra, which was the act providing for overtime compensation during this period of time. Section 201 of that act provides:

> "Officers and employees to whom this title applies shall, in addition to their basic compensation, be compensated for all hours of employment, officially ordered or approved, in excess of forty hours in any administrative workweek * * *."

It is noted that no provision is made in this statute for the payment of compensation for overtime services which are not officially ordered or approved.

Pursuant to authority granted in section 605 of the Federal Employees Pay Act, supra, the Civil Service Commission issued regulations which provided in pertinent part, as follows:[2]

> " * * * No such excess overtime shall be ordered or approved except in writing by an officer or employee to whom such authority has been specifically delegated by the head of the department or independent establishment or agency, or Government-owned or controlled corporation."

As provided by statute, this regulation was approved by Executive order and was in existence during the period covered by plaintiff's claim for overtime compensation. Therefore, any claim must be based upon the performance of overtime services which were expressly authorized or approved in writing by an officer or employee to whom such authority has been specifically delegated. The affidavits and exhibits in evidence here fail to show that any overtime was ordered or approved, either orally or in writing, or that plaintiff requested such authorization or approval. Furthermore, the affidavit of Hamilton B. Gowin, plaintiff's supervisor, attached as exhibit 2 to defendant's brief, shows that plaintiff was not ordered to perform any official overtime work. Moreover, plaintiff has not shown overtime duty authorized or approved in accordance with the regulations of the Civil Aeronautics Administration in effect at that time.[3]

■ Absent the written authorization or approval as required by the statute and regulations, plaintiff is not entitled to recover. Tabbutt v. United States, 121 Ct.Cl. 495; Post v. United States, 121 Ct.Cl. 94.

The next question we are confronted with is whether plaintiff's separation from the service was accomplished in accordance with the provisions of section 12 of the Veterans' Preference Act, supra.

Plaintiff's position with respect to his separation from the service appears to be (1) that he could not legally be retained as a temporary or indefinite employee during the period of his service, and (2) that the Administrator of the Civil Aeronautics Administration was arbitrary in not recommending his conversion to permanent status.

---

1. Plaintiff's motion for summary judgment apparently is concerned only with his requests for reinstatement and his back pay based on his alleged wrongful separation. However, defendant's cross-motion for summary judgment covers all demands made in the petition and seeks dismissal thereof in its entirety.

2. 5 CFR 25.141(c).

3. CAA Std. Practice Manual 3520–3522.4, 3523.1 (Attendance, Leave and Pay).

928

Section 12 of the Veterans' Preference Act, supra, provides in pertinent part, as follows:

"In any reduction in personnel in any civilian service of any Federal agency, competing employees shall be released in accordance with Civil Service Commission regulations which shall give due effect to tenure of employment, military preference, length of service, and efficiency ratings: * * *."

Civil Service Commission regulation, section 20.4(c) 5 CFR (1949 Supp.), provides in pertinent part, as follows:

"*Determination of tenure groups.* For the purpose of determining relative retention preference in reductions in force, competing employees with performance ratings of 'Satisfactory' or better shall be classified according to tenure of employment and veteran preference in groups and subgroups as follows:

"(1) *Group I—Career.* In the competitive service, this group consists of career employees who have completed probation and who are not 'temporary' or 'indefinite' as the result of promotion, transfer or reinstatement, * * *. Within this group, persons entitled to veteran preference are in subgroup 'A' and others in subgroup 'B'.

"(2) *Group II—Career-Conditional.* In the competitive service, this group includes career employees who are conditional because they are serving probationary periods, or are 'temporary' or 'indefinite' as the result of promotion, transfer or reinstatement, or are subject to some other limitation of a similar nature. * * * Within this group, persons entitled to veteran preference are in subgroup 'A' and others in subgroup 'B'.

"(3) *Group III—Indefinite.* This group includes persons serving under non-status non-temporary appointments in positions in the competitive service. * * * Within

this group, persons entitled to veteran preference are in subgroup 'A' and others in subgroup 'B'."

On November 24, 1953, plaintiff was given notice by the Civil Aeronautics Administration of proposed agency action to separate him from the service under reduction-in-force proceedings, effective January 2, 1954. Plaintiff received a temporary appointment as an aircraft inspector in the Civil Aeronautics Administration, effective May 13, 1946, pursuant to section 2 of Regulation VIII, 5 CFR 27.8(b) (1946 Supp.), which regulation provided:

"(b) *Pending establishment of register.* Whenever there are no eligibles upon a register for any grade in which a vacancy exists and the public interest requires that the vacancy be filled before eligibles can be certified, the Commission may authorize temporary appointment provided that the agency determines that the standards prescribed by the Commission are met. Such appointment shall continue only for such period as may be necessary to make appointment through certification, and in no case, without prior approval of the Commission, shall extend beyond thirty days from the date of the receipt by the appointing officer of the certification of eligibles. (First paragraph amended Mar. 8, 1946, 11 F.R. 2433.)

"Persons serving under appointments under this paragraph shall not be regarded as occupying permanent positions for the purpose of section 7 of the Classification Act of March 4, 1923, as amended, and shall not by virtue of such appointments be subject to the Civil Service Retirement Act. Persons appointed under this paragraph may not be transferred between agencies."

On June 30, 1946, plaintiff was transferred from Washington, D. C., to Region 1, continuing employment in a temporary status pending the establishment of a register. Civil Service Commission Cir-

cular No. 549, dated February 1, 1946, Item IV, page 7, explained such appointments as follows:

"Appointments under Section 2 of Regulation VIII shall be temporary in nature and persons obtaining such appointment shall not be regarded as occupying permanent positions for the purpose of Sec. VII of the Classification Act of March 4, 1923, as amended, and shall not by virtue of such appointments be subject to the Civil Service Retirement Act. For reduction in force purposes such employees shall be in Group B. Trial period shall not be required and such temporary employees shall not be subject to the provisions of Regulation XII with respect to removals. Since such appointments are not 'limited to definite periods of time not exceeding one year,' appointees shall be subject to the provisions of the leave regulations that pertain to 'permanent' employees."

Effective May 1, 1947, the Civil Service Commission issued its permanent regulations,[4] and thereunder authority continued to exist for an agency to retain employees in a temporary status pending establishment of registers. 5 CFR 2.114 (1947 Supp.).

On September 27, 1950, there was passed a Supplemental Appropriation Act which contained, in section 1302 thereof, 64 Stat. 1066, the provisions known as the "Whitten Rider." This statute had the effect of freezing the competitive status of civilian employment in Federal Government by converting all existing temporary and indefinite appointments to appointments designated "indefinite" and by providing that subsequent original appointments, transfers, and promotions would be "indefinite." The Civil Service Commission's Federal Personnel Manual Transmittal Sheet No. 316, dated November 13, 1950, implementing Executive Order 10180 [5] which was issued under the so-called "Whitten Rider," carried the following:

"On December 1, 1950, all temporary appointments pending establishment of registers, war-service indefinite appointments, and emergency-indefinite appointments will automatically be converted to indefinite appointments under section 2.115 (a) of the regulations. * * * Service in the same agency immediately preceding such conversion will be counted toward completion of the required trial period, whether or not it is in the same line of work. These automatic conversions will not affect eligibility for competitive status under Executive Orders 10080 and 10157."

Inasmuch as plaintiff was without competitive status on the effective date of this provision, his appointment was automatically converted to that of "indefinite." Such indefinite status continued to exist until the provisions in the Act of September 27, 1950, were modified effective January 23, 1955.

By Executive Order 10157, dated August 28, 1950, 15 F.R. 5834, the President enabled certain employees of the Federal Government to acquire a competitive status under specifically stated conditions. One of those conditions was the following:

"(c) The acquisition of competitive status by the employee must be recommended by the head of the agency in which he is employed within six months of the date of this order."

By Executive Order 10288, dated September 7, 1951, 16 F.R. 9187, U.S. Code Congressional and Administrative Service 1951, p. 1085, another six months' period was established within which employees could gain competitive status, but again recommendation by the head of the agency was a prerequisite. Nothing either order gave an employee a right to such status; full discretion was given the agency head to grant or withhold the required recommendation. Plaintiff

---

4. 12 F.R. 2832, U. S. Code Cong. Service 1950, p. 1671.

5. 15 F.R. 7745.

may not, therefore, question the action of the agency in making no recommendation for conversion in his case. Given this situation in which full discretion is clearly lodged in the executive department, the judiciary will not inquire into the reasons why the department head saw fit not to recommend plaintiff for permanent status. Decatur v. Paulding, 14 Pet. 497, 515, 10 L.Ed. 559.

Lacking classified civil-service status plaintiff was not qualified to be retained in preference to a nonveteran in groups I and II.

Thus at the time of separation plaintiff was an indefinite employee without classified civil-service status, and was therefore in subgroup A of retention group III.

The Civil Aeronautics Administration did not arbitrarily give plaintiff the place which he had on the retention register. The Commission's regulations provided for the classification of employees according to tenure of employment, and within such groups, according to veterans' preference. In other words, those having the highest priority who are employees with classified civil-service status, are placed in group I. In the subgroup veterans are A and nonveterans are B. Group II are career conditional employees, and in this subgroup veterans are A and nonveterans are B. Lastly, employees who have an indefinite appointment are in group III, and likewise in this subgroup veterans are A and nonveterans are B. When retention registers are set up in accordance with this grouping, employees are selected for separation beginning at the bottom of the register. 5 CFR 20.4 (1949 Supp.). Thus, plaintiff would be reached for separation before any employees in groups I and II, even though such groups might have contained employees who were nonveterans. Elder v. Brannan, 341 U.S. 277, 71 S.Ct. 685, 95 L.Ed. 939.

Therefore, plaintiff was separated from the service in accordance with law and applicable civil-service regulations and there were no procedural defects in the reduction-in-force proceedings. This court will not inquire into the merits of agency action, absent any allegation which would justify judicial interference. Blum v. United States, 120 Ct.Cl. 232.

Plaintiff's third demand that this court reinstate him in his former position and grant him classified civil-service status requires no discussion. It is well established that the jurisdiction of this court under section 1491 of 28 U.S.C. extends only to the granting of a monetary judgment. United States v. Jones, 131 U.S. 1, 9 S.Ct. 669, 33 L.Ed. 90; United States v. Alire, 6 Wall. 573, 18 L.Ed. 1947; Hart v. United States, 91 Ct.Cl. 308.

Plaintiff's motion for summary judgment is denied, defendant's motion for summary judgment is granted, and the petition is dismissed.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER, and LITTLETON, Judges, concur.