Casey, O. J.,
delivered the opinion of the court:
The plaintiff’s testator, at the time of the annexation of Texas, was the senior or commanding officer in the Texas navy. No provision was .made in the resolutions of annexation for the absorption in or incorporation with the navy of the Dnited States of the Texas marine. It was accordingly disbanded. To compensate the officers of the Texan navy for the loss of their positions, Congress, on the 3d day of March, A. D. 1857, *140 passed an act for their relief, which contained the following provision: “That the surviving officers of the navy of the republic of Texas, who were duly commissioned as such at the time of annexation, shall be entitled to pay of officers of the like grades when waiting orders in the navy of the United States, for five years from the time of said annexation; and a sum sufficient to make the payment is hereby appropriated out of any money in the treasury not otherwise appropriated.”
Captain Moore was, on the 20th July, 1842, appointed, by the President of the Republic of Texas, by and with the advice and consent of the senate of the same, as post captain, commanding the navy of the republic, and to take rank as such from the 21st of April, A. D. 1839. His rank and emoluments in that navy were the same as that of the senior captain in the navy of the United States. And the laws governing the naval service of the United States had been adopted by the Texan Congress, except so far as they were altered or repealed by special enactments.
Under the act of Congress above recited, Captain Moore claimed that he was entitled to receive the sum of $3,500, the pay of the senior captain in the United States nary while waiting orders. But the then Secretary of the Navy, Mr. Toucey, and the accounting officers of the Treasury Department, refused to allow him anything more than the pay of a junior captain in the United States navy while waiting orders, which was at the rate of $2,500 per annum. This decision was based upon the fact that there was but one officer of the grade of captain in the Texan navy, and that he could not therefore be a senior captain. Upon this refusal to allow him the full pay to which he claimed he was entitled, he brought suit for the difference in this court. Having since died, the claim is now prosecuted by his widow and executrix.
We think there was a clear mistake in the construction given to this act of Congress. We think, too, from the evidence laid before us, that there was a mistake of fact. The evidence shows that there was another person, John G. Tod, who held a commission in the same navy with the rank of captain. But we do not consider that very material. If our navy were so reduced that but one captain should remain, he would clearly be the senior captain, and under the law entitled to the compensation provided for that rank. The mistake is in supposing that the *141 length of service entered into tbe right of salary. It may have been a reason for tbe passage of tbe law. But tbe right to tbe compensation depends upon tbe rank and not upon tbe length of service.
In tbe case before us, Captain Moore was known and recognized by tbe Texan government as tbe senior captain of their navy tbe highest officer in that arm of tbe service. Besides, tbe Texan government bad adopted tbe laws of tbe United States regulating their navy, and, under tbe act of 1835, bad held Captain Moore as their senior captain, and as such, while in command of tbe Texan navy, entitled to tbe pay of $4,500 per annum.
Had be at any time been waiting orders, bis pay under tbe same law would have been $3,500.
In tbe construction of statutes which fix tbe compensation of public officers, tbe rule of interpretation as held by tbe courts is, that where the words of such a statute are loose and obscuro, and admit of two meanings, they should be construed in favor of tbe officer. (United States v. Morse, 3 Story, 87.) It is scarcely necessary for us to invoke that principle in this case. For here tbe error arises not so much from any obscurity in tbe language of the law as from a misconception of tbe main fact in tbe case. Tbe law is plain and explicit. And when the fact is established that Captain Moore was tbe senior captain of tbe Texan navy, it follows necessarily that be was entitled to tbe pay claimed for as applied to tbe facts so ascertained; tbe act is not in any respect doubtful, but clear, definite, and peremptory.
As to our jurisdiction in tbe premises, there can be no question. Tbe right claimed arises out of and is founded upon an act of Congress, and that brings tbe case clearly within tbe powers conferred upon this tribunal.
We think tbe claimant is entitled to recover, and therefore find a judgment in her favor for tbe sum of $5,000.