## UNITED STATES *v.* MULLAN.

APPEAL FROM THE COURT OF CLAIMS.

Submitted October 26, 1887. — Decided November 7, 1887

An officer in the regular Navy, whose service therein was continuous in various grades from 1860 to 1868, and who held the rank of lieutenant-commander when the act of July 15th, 1870, c. 295, § 3, 16 Stat. 330, now § 1556 of the Revised Statutes, was passed, giving graduated pay

for various ranks, is entitled to the benefit of the act of March 3d, 1883, c. 97, 22 Stat. 473.

It is not necessary that he should have entered the service more than once.

THIS was an appeal from a judgment in the Court of Claims in the claimant's favor. The case is stated in the opinion of the court.

*Mr. Attorney General, Mr. Assistant Attorney General Howard,* and *Mr. F. P. Dewees* for appellant.

*Mr. John Paul Jones* and *Mr. Robert B. Lines* for appellee.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is an appeal by the United States from a judgment of the Court of Claims, for the sum of $356.03, in favor of Dennis W. Mullan. Mullan is an officer in the regular Navy, who has served continuously therein since September 21st, 1860, on which day he was appointed acting midshipman. He was appointed acting ensign, October 21st, 1863; master, May 10th, 1866; lieutenant, February 21st, 1867; and lieutenant-commander, March 12th, 1868. He was paid for all of his services in those capacities, in accordance with the laws in force at the time they were performed. In addition, he claimed to be entitled to the benefit of the provisions of the act of March 3d, 1883, c. 97, 22 Stat. 473, which reads as follows: "And all officers of the Navy shall be credited with the actual time they may have served as officers or enlisted men in the regular or volunteer Army or Navy, or both, and shall receive all the benefits of such actual service in all respects in the same manner as if all said service had been continuous and in the regular Navy in the lowest grade having graduated pay held by such officer since last entering the service: *Provided,* That nothing in this clause shall be so construed as to authorize any change in the dates of commission or in the relative rank of such officers: *Provided further,* That nothing herein contained shall be so construed as to give any additional pay to any such officer during the time of his service in the volunteer Army or Navy."

The Court of Claims held that Mullan was entitled to $356.03 under that act. The amount is not questioned by the Government, if the Court of Claims decided the question of law correctly. Graduated pay for various ranks in the Navy was given by the act of July 15th, 1870, c. 295, § 3, 16 Stat. 330, now § 1556 of the Revised Statutes. At the time of the passage of the act of 1883, Mullan was a lieutenant-commander, who had served as an officer in the regular Navy from September 21st, 1860, by continuous service; and, while he held the rank of lieutenant-commander, graduated pay was given by statute to officers of that rank and other officers. By the provisions of the act of 1883, he is to be credited with his actual time of service, and is to receive all the benefits of that service in all respects, in the same manner, as if all of that service had been continuous in the lowest grade having graduated pay held by him since last entering the service.

It is contended on the part of the United States that the act of March 3d, 1883, applies to officers serving in the regular Navy only when their term of service has not been continuous. The view is urged, that the expression "since last entering the service" implies that the officer, to be entitled to the benefit of the statute, must have entered the service more than once. But we think that this is an overstrained interpretation. Mullan entered the service once. It was his last entry as well as his first entry. Where an officer has entered the service twice, the second entry is the last entry, and that entry is to be taken in applying the statute to his case; but where an officer has entered the service but once, that entry is to be taken as the last entry, within the meaning of the statute. So, too, the expression, "as if all said service had been continuous," is not to be held to confine the benefits of the statute to a service which has been non-continuous. The expression is satisfied by considering it as an extension of the benefits of the statute to interrupted, non-continuous service, and by crediting the officer with the actual time of such service, as if it had been continuous service. Otherwise, the statute cannot be carried out. It says that "all officers of the Navy shall be credited with the actual time

they may have served as officers or enlisted men in the regular or volunteer Army or Navy, or both;" and the benefits 'of such actual service are to be received, where the service has been continuous, in the regular Navy.

The judgment of the Court of Claims is

*Affirmed.*