Weldon, J.,
delivered the opinion of the court:
The subject-matter of this proceeding was, on the 17th of September, 1896, under the provisions of section 1063 of the Revised Statutes, by the honorable Secretary of the Treasury, referred to this court for adjudication. A petition was filed by claimant on the 11th of October, 1898, which in substance embraces the material fact set forth in the findings, and may be stated as follows, to wit: The claimant enlisted in the Navy July 25,1864, as a landsman, and served on board of the United States Metacomet until August 15,1865, after which date there is no record of his service in the Navy, and in consequence he was entered on the navy records as a deserter.
Between- July 25, 1864, and August 15,1865, there became due to the claimant, under section 4631, Revised Statutes, on account of captures in which he participated, the sum of $38.85 of prize money, and also $1.64 of bounty for destruction of enemy’s vessel, under section 4635, Revised Statutes, which sums have ever since been withheld from him on account of said alleged desertion.
On January 27, 1892, the Secretary of the Navy, acting under section 1, act of August 14,1888 (25 Stat., 442), removed said charge of desertion and granted to the claimant a certificate of discharge as of date of August 15, 1865.
While the claim on the part of the claimant for said prize and bounty money was pending in the Treasury Department, *451 the Secretary referred the claim to this court under the provisions of section 1063, Revised Statutes, as aforesaid.
Upon the foregoing facts it is contended on the part of the claimant that he is entitled to recover judgment against the defendants in the sum of $40.49. To that contention it is replied on the part of the defendants that the claim does not come within the letter or spirit of the act of 1888, in not being either pay or bounty as specified in that act. It is said by the counsel for defendants that the words “pay” and “bounty” have acquired a technical legal meaning, and that the proceeds of captures being recognized and designated as prize money can not, by the most liberal indulgence of construction, be included in either pay or bounty.
The act of August 14, 1888 (supra), is entitled “An act to relieve certain appointed or enlisted men of the Navy and Marine Corps from the charge of desertion,” and provides as follows:
Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That the charge of deseition now standing on the rolls and records of the Navy or Marine Corps against any appointed or enlisted man of the Navy or Marine Corps who served in the late war may, in the discretion of the Secretary of the Navy, be removed in all cases where it shall' be made to appear to the satisfaction of the Secretary of the Navy from such rolls and records, or from other satisfactory evidence, that any such appointed or enlisted man served faithfully until the expiration of his term of enlistment, or until the first day of May, anno Domino eighteen hundred and sixty-five, having previously served six months or more, or was prevented from completing his term of service by reason of wounds received or disease contracted in the line of duty, but who, by reason of absence from his command at the time he became entitled to his discharge, failed to be mustered out and to receive a discharge from the service: Provided, That no such appointed or enlisted man shall be relieved under this section who, not being sick or wounded, left his command without proper authority while the same was in presence of the enemy.
“Sec. 5. That when the charge of desertion shall be removed under the provisions of this act from the record of any appointed or enlisted man of the Navy or Marine Corps, such man, or, in case of his death, the heirs or legal representatives of such man, shall receive all pay and bounty which may have been withheld on account of such charge of desertion or absence without leave: Provided, however, That this act shall not be so construed as to give to any such man as may be entitled to *452 relief under tbe provisions of this act, or, in the case of his death, to the heirs or legal representatives of any such man, the right to receive pay and bounty for any period of time during which such man was absent from his command without leave of absence.”
The question of the forfeiture of bounty for desertion became the subject-matter of decision in the Attorney-General’s Department in 1870, under the act of July 4,1864, upon a reference of the Treasury Department, and in an elaborate opinion of the distinguished lawyer who held the position of Attorney-. General, after an extensive review of the various laws upon the subject of military pay, bounty, and allowance, it is said:
“From these references to the statutes it appears that the words 'pay and allowances’ may be understood in a general sense as including all emoluments paid or allowed to a soldier; and an express enactment by Congress, in 1866, that the existing regulations should remain in force, with a knowledge on its part, which I think may be presumed, that these regulations had been uniformly so interpreted by the War Depart-mentthat deserters, in forfeitingunderthempay and allowances, were held to forfeit bounty, may properly be regarded to be so far a legislative sanction of such construction as to justify the Department in continuing to act upon it.”
In the case of United States v. Kelly (15 Wall., 34) it is in substance held that a soldier who had deserted, but was restored by order of his department commander without a trial, on the condition that he made good the time lost, and who complied with the condition and was honorably discharged at the end of the term of his service, wa,s entitled to bounty money, notwithstanding his desertion.
The court said:
“ The honorable discharge of the deserter was a formal final judgment passed by the Government upon the entire military-record of the soldier and an authoritative declaration by it that he had left the service in a status of honor.”
The right of claimant to the amount in controversy was established by the allowance in the distribution of the prize money and bounty arising from the capture and destruction of the ships of the enemy; the legal consequence of the desertion of the claimant was to forfeit such right; and the question for us to determine is as to the effect of the act of the Secretary upon the right thus forfeited. The brief of the counsel for the *453 defendants examines and discusses many statutes for tbe purpose of showing that prize money does not in legal effect come within either pay or bounty. He cites the case of United States v. Landers (92 U. S. B.., 77). It is decided in that case that an honorable discharge does not restore the forfeited pay and allowance, and as contradistinguished from the Kelly case because of the difference in the facts of the cases.
The Supreme Court distinguished the one case from the other because in one the soldier deserted in time of great danger and remained absent until the close of the war, while in the other he remained faithfully in the service until the actual close of the war, and returned from his unlawful absence of his own accord and faithfully thereafter discharged the duties of a soldier.
In this case the claimant remained at his post of duty during the actual war and participated in the battles and engagements from and out of which sprang the prize and bounty which he seeks in this proceeding.
The fact that the Secretary, acting under the act of August 14, 1888, removed the charge of desertion and granted him a certificate of discharge establishes the fact that he had a meritorious and justifiable defense to the alleged desertion, and that it would have been unjust to his credit as a soldier and to his rights as a citizen to have permitted the charge of desertion to remain a matter of record. It is true, as stated by the counsel for the defendants, that the Supreme Court has held that the word “pay” means the stipulated monthly compensation designated as “pay.”
The facts of this case show that the Secretary exercised his power in behalf of the claimant as given to him by the first section of the act of 1888, and we are to determine whether such an exercise brings the claimant within the provisions of the fifth section. The Supreme Court has held in the Landers Case that the term “allowances” includes bounty, so that it may be argued that the term bounty as used in the statute is broader than indicated by the contention of the defendants.
The term bounty is defined by a standard authority as “ a premium or award; specifically, a premium offered by a Government to induce men to enlist into the public service.” The pay of the claimant, properly considered, was fixed by the statute at the time he enlisted and served, but the conrpensa *454 tion which he might receive was not determined, as the Ml extent of such compensation depended on contingencies which might or might not happen.
If he was successful in the capture of the enemy’s property his pay proper would not be increased, but his compensation would be enlarged to the extent of his right to share in such captured property. The increased compensation which he might be entitled to was intended as inducement to enter service and to perform such service with bravery and fidelity.
The bounty need not be promised before the performance of the service. It may come after as a gratuity for services already performed, as in the case of the act of September 28, 1850, “granting bounty lands to certain officers and soldiers who have been engaged in the military service of the United States.” (9 Stat. L;, 520.)
The purpose of the act of August 14,1888, was to remove from many worthy soldiers the stigma of being deserters and give them all the rights and emoluments to which they would have been entitled had not the charge of desertion been made, and when the Secretary under the law removed the charge from the record the soldier stood rehabilitated with all of his orgi-nal rights. The statute was intended as a benefaction, and should be construed liberally in the direction of effectuating the beneficent purpose of Congress.
It is the legislative intent which is to govern in the construction of the statute, and doubtful phraseology and ambiguous provisions are to be construed in favor of the claimant, especially where Congress are dealing with a class of meritorious citizens, intending to give them the most liberal terms of recognition and compensation. (Moore’s Case, 4 C. Cls. R., 139.) Why should Congress restore to the soldier the technical right of pay and bounty, and withhold from him that emolument and recompense which he had won in the dangers of conflict and the risk of his life? Is the soldier to be paid his monthly pay and deprived of the prize which he has wrested from the hands of the enemy?.
The charge of desertion being removed, the claimant by such removal is fully restored to all of his original rights of compensation -, and his condition in law is as to such rights the same as if nothing had happened to interrupt or mar his relations with the military service of the United States, and *455 being rehabilitated in those rights he is entitled to recover a judgment for the sum of $40.49, for which amount a judgment is ordered.
Nott, Ch. J., was prevented by illness from taking part in the decision of the case.