Peelle, Ch. J.,
delivered the opinion of the court:
The claimant seeks to recover the difference between the sum of $1,200 per annum paid him from August 1, 1890, to June 30, 1897, and $1,300 per annum during the same period *40 claimed by him, as averred in his petition, by reason of having been appointed “ superintendent of delivery ” at the post-office at Hartford, Conn., under the act of March 2, 1889, making appropriations for the Post-Oce Department. (25 Stat. L., 841, 842.)
By this act the Postmaster-General is authorized to classify and fix the salaries of the clerks and employees attached to the first' and second class post-offices from and after July 1, 1889, as therein provided, among 'which is that of “ superintendent of delivery,” at a salary “ not exceeding 45 per centum of the salary of the postmaster, as provided by the act of March 3, 1883, graded in even hundreds of dollars, from $1,300 to not exceeding $2,700 per annum * * * and hereafter postmasters at offices of the first and second classes shall submit rosters of the clerks attached to their respective offices to the Postmaster-General, to take effect from the first day of the fiscal year, July 1, instead of January 1, as heretofore, and no roster shall be considered in effect until approved by the Postmaster-General.” '
Thus it will be seen that to entitle the claimant to recover he must show that he was designated by the postmaster at Hartford, Conn., on a roster of the clerks attached to his office as “ superintendent of delivery,” and that such roster was approved by the Postmaster-General and the claimant thereby appointed superintendent of delivery..
The claimant’s contention is that although the rosters in the Post-Office Department show him to have been designated, August 1, 1890, to June 30, 1894, as distributer; July 1, 1894, to June 30, 1896, as foreman of distributers; and from July 1, 1896, as foreman, each at a salary of $1,200 per annum, he was in fact designated on a roster kept in the post-office at Hartford, Conn., as “ superintendent of delivery,” which designation, the claimant contends, entitles him, under the decision in the Belcher case (34 C. Cls., 400), to $1,300 per annum during that period.
In that case the court held that while .it was within the discretion of the Postmaster-General to fix the compensation of all superintendents of delivery at less than 45 per centum *41 of the postmaster’s salary, lie had no discretion to make the salary less than $1,300 per annum.
There the claimant contended that as to certain years he was in fact superintendent of delivery, though not so designated, while the defendants contended that as to certain other years his designation as superintendent of delivery was inadvertent and unintentional. Answering those contentions the court said:
“ It appears by the evidence that the claimant performed the duties of superintendent of delivery during the entire period of service for which the suit is brought. But it also appears by the records of the Department that he was not designated as superintendent of delivery for more than two of those years. The record of the Department — -that- is to say, the record of his appointment — must govern both for the claimant and against the claimant. If a clerk received from the Postmaster-General the appointment of superintendent of delivery in the manner contemplated by the statute, and served as such and performed the duties of the office, the defendants can not show, as they have attempted to show by evidence aliunde the record, that the Department did not intend to make the appointment-. Conversely, where a clerk was not designated or appointed superintendent of delivery, he can not claim the salary of that office as a matter of legal right by showing that he performed the service of superintendent of delivery.”
Furthermore the court said:
“ The legal right of an officer to the salary of an office depends upon his being de jure an officer holding or entitled to hold the office.” (Romero's case, 24 C. Cls., 331.)
In this same connection the court, in the case of Barrett (37 C. Cls., 44, 48), said:
“ The question is not which one of the clerks was recognized by the postmaster as chief clerk or which one performed the highest grade of service in the post-office, but the question here is what was his status as shown by the record in the Post-Office Department.”
As was said in the Morey case (35 C. Cls. R,., 603, 604) : “ The right to the appointment and the right to the office upon appointment differ very materially in their legal essence.” So, here, assuming that the claimant may have performed *42 the duties of the office of superintendent of delivery, and, for that reason, should have been designated as such on the roster filed in the Post-Office Department, he can not recover because he fails to bring himself within the statute — that is to say, he fails to show by the records in the Department that he was appointed as superintendent of delivery by the officer authorized to so appoint, and for that reason he can not recover.
There is still another question, and that is as to the right of the Auditor to investigate this case and as to whether his reports herein should be considered in the absence of the evidence upon which they are based. But as the claimant b^ submitting the case on said reports thereby consents to their consideration by the court, and no objection was made thereto by the defendants, we have considered the reports, and, having reached a conclusion adverse to the claimant, we have thought best to dispose of the case on the merits.
The petition is dismissed.