Whaley, Judge,
delivered the opinion of the Court:
The plaintiff stood the Civil Service examination to fill “vacancies in the positions of messenger, watchman, skilled laborer, and positions requiring similar qualifications, as they may occur in the United States Classified Service * * * ” in the city of Los Angeles, California, and successfully passed with a high rating. His name was placed by the Civil Service Commission on a so-called third grade or subclerical register established for the listing of eligibles determined by the test.
*503 The Postmaster at Los Angeles, having- been authorized to increase his working force, had certified to him by the Civil Service Commission the plaintiff among others from the lists of eligibles. The Postmaster recommended the plaintiff to the Second Assistant Postmaster General as a substitute “laborer” and the recommendation as made was approved. The plaintiff accepted the appointment as laborer and entered the Post Office Service on November 8, 1922.
Shortly after the plaintiff entered the service, a vacancy occurred in the permanent position of “laborer” and he was recommended to fill the vacancy at an annual salary of $1,350. The assistant Postmaster General approved this appointment. On January 1, 1924, the plaintiff was recommended for and duly received a statutory increase of salary to $1,450. A year later his salary was further increased to $1,600. When these increases were made there was no change in his grade; he received them by recommendation of the Postmaster for efficient services as a “laborer.”
The plaintiff from his first appointment has continuously been carried on the rolls of the Post Office Department as a “laborer.”
During his entire service the plaintiff has performed the work assigned to him as a laborer and he has drawn the salary provided for that position. There was no classification made by the Post Office Department of personnel in the Post Offices of “skilled” and “unskilled” laborers. The employees performing the duties which the plaintiff performed were designated “laborers.”
The plaintiff is suing to recover the difference in pay between that of a skilled laborer and a laborer. He bases his claim on the Act of June 5, 1920, reclassifying postmasters and employees of the Postal Service and adjusting their compensation on an equitable basis. 41 Stat. 1045,1049,1050.
The act provides that the pay of skilled laborers shall, for the purpose of promotion and compensation, be deemed a part of the clerical force and also provides for laborers in first- and second-class post offices and divides them into two classes, viz, first grade $1,350, and second grade $1,450, and provides further for promotion from first to second grade after one year’s satisfactory service.
Plaintiff’s contention is that, having passed the exam> ination of the Civil Service for skilled laborer and been *504 appointed as a laborer, and having accepted the appointment as a laborer, performed the duties of a laborer, and received the compensation of a laborer without protest or objection, nevertheless, he is entitled to receive the compensation of a skilled laborer which, under the act, would be the compensation of a member of the clerical force.
In Belcher v. United States, 34 C. Cls. 422, the court held:
The record of the Department — that is to say, the record of his appointment — -must govern both for the claimant and against the claimant.
There is nothing in the record to show what duties a skilled laborer in a post office would perform because there was no classification of such a position by the Postmaster General. The plaintiff has never performed the duties of a skilled laborer in the Los Angeles Post Office. The rolls of the Post Office Department fix his status. The mere fact that he may have performed services at various times of a different grade does not entitle him to a different compensation than that of the grade to which he was appointed. Barrett v. United States, 37 C. Cls. 44, 48; Jackson v. United States, 42 C. Cls. 39.
The plaintiff has been paid the compensation authorized by law for the grade to which he was appointed for the services performed by him. He is not entitled to any additional compensation.
The petition is dismissed. It is so ordered.
Williams, Judge; Littleton, Judge; GReen, Judge; and Booth, Chief Justice, concur.