AMUNDSON et al.

v.

UNITED STATES.*

No. 133–53.

United States Court of Claims.

- April 6, 1954.

Julius Lucius Echeles and Frank W. Oliver, Chicago, Ill., for plaintiffs.

Edward L. Metzler, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER and MADDEN, Judges.

LITTLETON, Judge.

Plaintiffs, all employees of the United States Post Office at Chicago, Illinois, have instituted this suit claiming back salary in the amount of $700 each. Defendant has moved to dismiss the petition on the grounds (1) that the claims are barred by the six-year statute of limitation, and (2) that the petition fails to state a cause of action. The facts are undisputed and are as follows:

Plaintiffs as mail handlers took and successfully completed on March 14,

---

* The additional plaintiffs are: Antonio C. Andres, Davis Ball, Donald Bass, Stanley T. Bennett, Jack Chalem, George P. Cohn, Frederick B. Dienes, Mark M. Dunne, William Ebeling, Clarence C. Edwards, Sylvester D. Finley, Domingo M. Galang, Isaac A. Greene, Booker E. Hall, William H. Hardin, Jr., Ralph J. Harrison, Herbert G. Hendrickson, Robert W. Ingram, Robert M. Jackson, Malachia Jones, Paul S. Judycki, George J. Kaiser, Thomas H. Kelly, Jr., Edward J. Keslinka, George E. King, Clarence G. Kinn,

Thomas J. Lawlor, D. G. Mangaoang, William H. Martin, Walter S. May, Walter E. Perry, Charles Phillips, Roosevelt Polk, Herman W. Proctor, George W. Revel, Thomas H. Robinson, Richard J. Schrankel, Theodore D. Smith, Claude C. Surratt, Stanley W. Szatkowski, George R. Szydlowski, Julio S. Tambis, George Tarrant, Frank G. Threalkill, Michael F. Tomaszewski, Leroy W. Tyler, William Tyson, Thomas L. Ward, Ira Whiteloh, and Cleopas M. Williams.

1945, a noncompetitive examination for the position of postal clerk and were on that date, for seniority purposes, certified and placed on the registry as postal clerks. However, it was not until December 1, 1945, that they were formally appointed to that position and placed on the payroll at the higher salary. During the interim period, although the petition is silent as to the actual duties performed, they continued to be paid as mail handlers. At this time the difference in salary between the two positions was $100 per year with automatic increases of $100 for each year of satisfactory service in each grade until the maximum was attained. 59 Stat. 435, 443.

Plaintiffs allege that they were entitled to the higher grade beginning on March 14, 1945, or at the latest on July 1, 1945, when postal pay scales were revised, and the failure of the Post Office Department to place them on the rolls at this higher rate until December 1, 1945, has resulted in their salaries being in arrears in the amount of $100 for each year thereafter. This, they allege, amounts to the sum of $700 each for the years 1946 through 1952.[1]

 Defendant's motion must be sustained on both grounds. Certainly, if as plaintiffs contend, they were entitled to the higher grade as a result of the examination on March 14 or July 1, 1945, then their cause of action accrued on one of those dates. Since the petition was not filed until April 6, 1953, more than six years subsequent to either date, plaintiffs' claims are barred by the statute of limitation. 28 U.S.C. § 2501; Gray v. United States, 124 Ct.Cl. 313.

■ Plaintiffs must fail on the merits as well. The power of appointment is within the discretion of the department heads. Coleman v. United

States, 100 Ct.Cl. 41, 43. Plaintiffs were not appointed to the higher grade until December 1, 1945, and therefore were not entitled to the salaries and status of that position until that date even though they may have performed the duties of the position prior to appointment. Price v. United States, 80 F.Supp. 542, 112 Ct. Cl. 198; Jackson v. United States, 42 Ct.Cl. 39, 41; Gayhart v. United States, 82 Ct.Cl. 499, 503.

Defendant's motion is granted and plaintiffs' petition is dismissed. It is so ordered.

JONES, Chief Judge, and MADDEN and WHITAKER, Judges, concur.

---

1. The petition is not clear on this point. The automatic increases apply to one year of satisfactory service in each grade, and since plaintiffs were not placed on the rolls at the higher grade until December 1, 1945, the period for computing their time for service as postal clerks did not commence until December 1, 1945, instead of March 14 or July 1 of that year. Thus it would seem that under plaintiffs' theory they were at most only six or nine months behind in receiving their yearly increases rather than the full year claimed. However, under our disposition of the case this apparent discrepancy is of no import.