## Federico R. VILLARTA
v.
## The UNITED STATES.
## No. 3–54.

United States Court of Claims.
Nov. 1, 1954.

Federico R. Villarta, pro se.

Edward L. Metzler, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

Plaintiff seeks judgment (1) for "overseas allowances" during the period November 3, 1946, through November 21, 1949, while an employee of the Manila, Philippine Islands, Regional Office of the Veterans' Administration, and (2) judgment for the difference in the amount to which he was entitled if appointed as interpreter, grade CAF–6, on March 3, 1946, and the amounts actually received because of his appointments to positions of lesser salary; viz., janitor, carpenter's helper, and mail clerk.

Defendant has moved to dismiss the petition on the grounds (1) the petition shows that certain counts are barred by the 6-year statute of limitations, and (2) the petition states a claim for which relief may not be granted.

The petition alleges that plaintiff, an American citizen, was born in the Philippines and came to the United States in 1920. He was returned to the Philippines in 1945 as a member of the U. S. Armed Forces. In December 1945, while a member of the Armed Forces, plaintiff was issued a letter signed by the Acting Manager of the Veterans' Administration Regional Office, Manila, Philippine Islands, requesting plaintiff's discharge from the Army to accept employment with the Veterans' Administration as an interpreter, grade CAF–6, plus 25 percent post differential. Plaintiff's request

for discharge overseas from the United States military service was approved and he was discharged on January 25, 1946. Before the end of January 1946, plaintiff reported for duty with the Veterans' Administration and was informed that his name was among the applicants for janitors and not among the applicants for interpreters; that the interpreters' jobs were filled prior to that time. Plaintiff further alleges that failing in an effort to obtain transportation back to the United States without serving his tour of duty with the Veterans' Administration in the Philippines he was forced to accept the job as janitor. Plaintiff seeks judgment for services performed with the Veterans' Administration Regional Office at Manila, Philippine Islands, as follows: special foreign living allowance, quarters allowance, cost of living allowance covering the period November 3, 1946, through November 21, 1949, and the difference in amount of pay between that of interpreter, grade CAF-6, plus 25 percent post differential and janitor, grade CPC-2, plus 25 percent post differential from March 3, 1946, to July 14, 1946; carpenter's helper, grade CPC-4, plus 25 percent post differential from July 15, 1946, to November 3, 1946; carpenter's helper, grade CPC-4, from November 4, 1946, to October 17, 1947, and mail clerk, grade CAF-2, from October 18, 1947, to February 18, 1948.

The defendant in its answer admits that plaintiff was born in the Philippine Islands, became a naturalized citizen of the United States May 25, 1943, and was serving in the United States Army in the Philippines during part of 1945 and until discharged January 25, 1946. That commencing on March 4, 1946, plaintiff was employed by the United States Veterans' Administration Regional Office at Manila, Philippine Islands, as a janitor, grade CPC-2, at $1,440 p. a.; that effective June 17, 1946, plaintiff was transferred to a position as carpenter's helper, grade CPC-327-4, at $1,770 p. a., plus 25 percent differential, revised July 1, 1946, to $2,020 p. a., plus 25 percent differential; that on July 14, 1946, the 25 percent dif-

ferential was discontinued; that plaintiff received a periodic pay increase effective June 29, 1947, increasing his salary to $2,093.04 p. a.; that effective December 14, 1947, plaintiff was reassigned to a position as mail clerk at the same salary; that effective February 22, 1948, plaintiff was given an excepted appointment as an "interpreter, grade CAF-1312-6" at $3,021 p. a., readjusted to $3,351 p. a. effective July 11, 1948, and subsequently given a periodic pay increase to $3,476.40 p. a. effective March 6, 1949; and that about August 1949, plaintiff resigned his employment effective on his arrival in San Francisco, California, and left the Philippines about November 6, 1949, arriving in San Francisco on or about November 21, 1949. Defendant admits that plaintiff presented claims to the General Accounting Office for pay differentials and allowances and that under date of November 22, 1948, the General Accounting Office authorized payment to plaintiff of $155.36 for a 25 percent foreign differential from July 14 to November 2, 1946, and issued a settlement certificate to that effect. Defendant further admits that under dates of March 23, 1950, and September 6, 1950, the General Accounting Office denied plaintiff's claim for other allowances.

■ Plaintiff's first claim in the petition is for "overseas allowances" during the period November 3, 1946, through November 21, 1949. Plaintiff's petition was filed January 6, 1954. Thus, any claim for allowances payable during the period of November 3, 1946, through January 6, 1948, would be barred by the statute of limitations. 28 U.S.C. § 2501; Amundson v. United States, Ct.Cl., 1954, 120 F.Supp. 201.

■ Plaintiff's second claim in the petition is for the differences in the amounts to which plaintiff was entitled if appointed an interpreter, grade CAF-6, on March 3, 1946, and the amounts actually received because of his appointments to positions of lesser salary.

If, as plaintiff contends, he was entitled to the higher grade, i. e., to ap-

pointment to the position of interpreter, grade CAF-6, on March 3, 1946, and the appointment was denied him on either January 25, 1946, or March 3, 1946, then his cause of action accrued on one of those dates. Since the petition was not filed until January 6, 1954, more than six years subsequent to either date, plaintiff's cause of action is barred by the statute of limitations. 28 U.S.C. § 2501; Gray v. United States, 124 Ct.Cl. 313; Amundson v. United States, Ct.Cl., 1954, 120 F.Supp. 201.

Defendant's motion must be sustained and plaintiff's petition is dismissed as to his claim for allowances payable during the period November 3, 1946, through January 6, 1948. Defendant's motion is granted and plaintiff's petition is dismissed as to his second claim for the differences in pay between the amounts to which plaintiff was entitled if appointed an interpreter, grade CAF-6, on March 3, 1946, and the amounts actually received because of his appointments to positions of lesser salary.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER and LITTLETON, Judges, concur.