Civilian pay; promotions; freeze on promotions. — The court, on June 27,1975, issued the following order. (The order was incompletely reported in Volume 207 at pages 999-1000, and is being reported in toto herein.)
Before Kashiwa, Judge, Presiding, Laramore, Senior Judge, and Bennett, Judge.
“This civilian pay case is before the court on cross-motions for summary judgment. Plaintiffs are employees of the United States Customs Service (formerly the Bureau of Customs, Department of the Treasury). Their employment at the Bureau of Customs 'began in the early Winter of 1971, when they were appointed as trainees at the GrS-7 level. The Standard Form 50, ‘Notification of Personnel *381 Action,’ received by each plaintiff at the time of appointment, contains the following language:
Trainee to journeyman promotion to GS-9 due [1 year from commencement of employment] providing all requirements are met.
Plaintiffs also received oral assurances of promotion similar to the above-written language.
“On December 11,1972, the President of the United States ordered a freeze on, inter alia, virtually all promotions of Federal civilian employees. The freeze was lifted for Bureau of Customs employees on March 4, 1973, and plaintiffs were thereafter promoted to grade GS-9. The net result of the freeze was a delay of 2 to 3 months in the promotions anticipated for each plaintiff upon the completion of his first year of service. The relief sought is correction of records to show promotion to grade GS-9 at the end of 1 year of service and recovery of the difference in pay between the higher and lower grades during the period of delay.
“Plaintiffs first argue as a basis for recovery that the assurances of promotion they received were promises, the acceptance of which created contracts between plaintiffs and the Government. It is contended that the freeze on promotions was a breach of those contracts. We reject this contention and reaffirm that employment (and the perquisites thereof) by appointment with the Government does not create a contractual relationship. Hopkins v. United States, 206 Ct. Cl. 303, 513 F. 2d 1360 (1975), Urbina v. United States, 192 Ct. Cl. 875, 428 F. 2d 1280 (1970). Nor did plaintiffs otherwise have any ‘legal entitlement’ to promotion at the end of 1 year of employment. Appointment and promotion of employees are, of course, discretionary matters within the agency. Hirsch v. United States, 205 Ct. Cl. 256, 499 F. 2d 1248 (1974); Tierney v. United States, 168 Ct. Cl. 77 (1964); Amundson v. United States, 128 Ct. Cl. 80, 120 F. Supp. 201 (1954). There is no statute or regulation which mandates promotion of plaintiffs under these circumstances. Furthermore, the very assurances of promotion given to plaintiffs were conditioned on ‘all requirements’ being met. The availability of funds to pay the higher salaries of promoted employees is an assumed contingency to promotion and must *382 be considered as a ‘requirement’ within the meaning of the language of plaintiffs’ Standard Form 50’s. See, e.g., Allison v. United States, 196 Ct. Cl. 263, 269, 451 F. 2d 1035, 1038 (1971).
“Plaintiffs’ second asserted basis for recovery is that the Office of Management and Budget’s (OMB) refusal to exempt plaintiffs from the President’s freeze order was arbitrary and capricious. Insofar as relevant here, the OMB had been empowered by the President to grant exceptions to the freeze ‘where essential’ ‘to protect property’ or ‘to preserve the continuity of government.’ Assuming, without deciding, that arbitrary and capricious action by the OMB would be the basis for an action in this court, we conclude that the QMB’s action was neither arbitrary nor capricious. The OMB could reasonably conclude that plaintiffs’ promotions were not essential to protect property or to preserve the continuity of government. In addition, the OMB’s action was consistent with guidelines prepared by the Civil Service Commission, which guidelines did not recognize “career program, career ladder or similar promotion patterns” to constitute valid exceptions to the freeze.
“it is THEREFORE ordered, upon consideration of the arguments made by the parties both in briefs and orally, that plaintiffs’ motion for summary judgment be. and the same is hereby denied, and defendant’s cross-motion for summary judgment is granted. Plaintiffs’ petition is dismissed.”.