Albert ROSS, Jr., Plaintiff,

v.

UNITED STATES POSTAL SERVICE, et al., Defendants.

Civ. A. No. 81–C–1283–S.

United States District Court, N.D. Alabama, S.D.

Feb. 11, 1983.

David A. Sullivan, Birmingham, Ala., for plaintiff.

Frank Donaldson, U.S. Atty., Sharon Lovelace, Birmingham, Ala., for defendants.

## MEMORANDUM OF OPINION

CLEMON, District Judge.

Plaintiff Albert Ross, Jr. was employed by the defendant United States Postal Service from 1966 to 1978. On July 17, 1978, plaintiff wrote to the Director of Personnel of the United States Post Office in Birmingham, Alabama to notify him of plaintiff's resignation from the Postal Service effective July 28, 1978. Plaintiff submitted his resignation on P.S. Form 2574 the next day. As his reason for resigning, plaintiff stated that he intended to go into the insurance business. A standard exit interview was conducted shortly thereafter by defendant Edna Passmore, an employment officer of the Postal Service in Birmingham, and the Postal Service accepted plaintiff's resignation.

In a final review of plaintiff's employment, plaintiff's supervisor rated his attendance, work performance, behavior and attitude as "satisfactory." The supervisor indicated that he would recommend that Ross be rehired if Ross ever sought reinstatement. The Senior Operating Official refused to make a recommendation as to whether or not Ross should be rehired, should he so apply.

Approximately two years later, Ross applied for reinstatement. His application was denied by defendant Passmore on July 3, 1980. She cited his poor attendance rec-

ord as the reason for the rejection. Ross appealed for a reconsideration of his application and was again rejected. In a letter from defendant Charles Moore dated February 20, 1981, Ross was informed that a review of his personnel folder revealed several reasons why he would not be reinstated. These reasons were delineated at plaintiff's request in a letter from defendant J.W. Ferguson a month later. These reasons were: indebtedness problems, low sick leave balance at the time of resignation, three on-the-job injuries, and plaintiff's request during his prior employment to be relieved for medical reasons from the task of operating a letter sorting machine, a task he would be required to do if he were reinstated.

This suit followed shortly thereafter. In his complaint and his amended complaint, Ross alleged that he had a contractual right to a fair consideration of his application for reinstatement and that he was arbitrarily and capriciously denied such consideration. He also asserted that various individual defendants created false data, ignored correct data, and misrepresented or distorted data in plaintiff's personnel file to deny plaintiff due consideration of his application for reinstatement. In particular, plaintiff accused defendant Passmore of misrepresenting plaintiff's eligibility for rehire at the exit interview. Plaintiff seeks an adjudication of his contractual right to a fair evaluation of his application for reinstatement and $500,000 compensatory and punitive damages.

Defendants now move for summary judgment. In his briefs filed in opposition to this motion, plaintiff stated for the first time that his rights were violated under the Privacy Act, 5 U.S.C. § 552a, and that he was deprived of liberty without due process in violation of the Fifth Amendment. Defendants contend that the Court should not consider these claims because plaintiff never alleged them in his complaint or his amended complaint. As to both the belated claims and those claims which plaintiff does allege in his complaints, defendants argue that they are entitled to judgment as a matter of law. The parties have stipulated that discovery is completed, that there are no disputes as to any material facts, and that the case is ripe for summary judgment. For the reasons stated herein, the Court holds that summary judgment should be granted for defendants on all of plaintiff's claims.

I

A

At the outset, there is some question as to whether this Court has jurisdiction to review the decision of the Postal Service not to reinstate Ross. Plaintiff failed to allege a violation of his constitutional rights in his complaint or his amended complaint. These complaints do not ask for vindication of plaintiff's constitutional rights; the complaints merely request the Court to substitute its judgment for that of the Postal Service. This is outside the province of the Court:

> The federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies. We must accept the harsh fact that numerous individual mistakes are inevitable in the day-to-day administration of our affairs. The United States Constitution cannot feasibly be construed to require federal judicial review for every such error. In the absence of any claim that the public employer was motivated by a desire to curtail or to penalize the exercise of an employee's constitutionally protected rights, we must presume that official action was regular and, if erroneous, can best be corrected in other ways. The Due Process Clause ... is not a guarantee against incorrect or ill-advised personnel decisions.

*Bishop v. Wood,* 426 U.S. 341, 349–50, 96 S.Ct. 2074, 2079–80, 48 L.Ed.2d 684 (1976). Thus, this Court should not disturb the decision of the Postal Service in the absence of any claim by Ross that the Postal Service

infringed his constitutionally protected rights.[1]

### B

■ Many federal district courts and courts of appeals nevertheless have found that the decision in *Bishop v. Wood* does not preclude review of personnel decisions made by government employers, even in the absence of any allegation of a violation of constitutional rights. The degree of review, if any, is to be determined from a weighing of the need for, and the feasibility of, judicial review versus the potential for disruption of the administrative process. *Kletschka v. Driver,* 411 F.2d 436 (2d Cir. 1969). The weight to be accorded to the administrative process depends on the amount of discretion given by law to the government agency in making personnel decisions. *Bullard v. Webster,* 623 F.2d 1042, 1046 (5th Cir.1980); *Local 2855 v. United States,* 602 F.2d 574, 575 (3rd Cir. 1979).

■ The Postal Service has been given broad discretion in making all decisions regarding its personnel, including reinstatement. Pursuant to the Postal Reorganization Act, Pub.L. No. 91–375, § 1, 84 Stat. 719 (1970) (codified at 39 U.S.C. §§ 101 *et seq.*), Congress reconstituted the Postal Service as an autonomous government-owned corporation and endowed it with the same independence in matters relating to management and personnel as is enjoyed by private corporations. *See* H.R.Rep. No. 91–1104, 91st Cong., 2d Sess. 5 (1970), U.S.Code Cong. & Admin.News 1970, p. 3649; S.Rep. No. 91–912, 91st Cong., 2d Sess. 2 (1970);

116 Cong.Rec. 20491–91 (1970) (remarks of Representative Hamilton); 116 Cong.Rec. 26954 (1970) (Remarks of Senator Fong); *Lutz v. United States Postal Service,* 538 F.Supp. 1129, 1134 (E.D.N.Y.1982). The Postal Service has "the right ... to hire, promote, transfer, assign, and retain officers and employees in positions within the Postal Service, and to suspend, demote, discharge, or take other disciplinary action against such officers and employees." 39 U.S.C. § 1001(e)(2). Career vacancies may be filled at the option of the appointing officer by a variety of means, including reinstatement. Personnel Operations Manual (POM), Series P–11, § 261.311(e). Appointing officials are not obligated to reinstate any applicant, except those who left the employ of the Postal Service to enter the military or who suffered an on-the-job injury. *Harrison v. McCullough,* No. 80–2462, slip op. at 3–4 (W.D.Tenn. October 30, 1981); Postal Service Employee and Labor Relations Manual (PSELRM), Ch. 3, § 322.-231; Office of Human Resources, Reinstatement in the Postal Service (July, 1979). Thus, appointing officials of the Postal Service have great discretion in deciding whether to fill a position by reinstatement or by some other means and who to reinstate if that be chosen as the method of hiring.

■ This broad discretion weighs heavily against judicial review of decisions by the Postal Service not to reinstate a former employee. There is no significant need to review such decisions in the absence of any allegation of a violation of the rights of the

---

1. In his first brief submitted in response to the present motion, plaintiff asserted that he was deprived of his liberty without due process in violation of the Fifth Amendment. Plaintiff alleged that he was defamed, his right to privacy was violated and his future employment opportunities were diminished by inaccurate material maintained by the Postal Service in plaintiff's personnel file as to his poor attendance record and his medical excuse from certain duty. If these claims could be proven true, a valid claim would be stated under the Fifth Amendment. No evidence, however, has surfaced that this material was false or was published to anyone but plaintiff and his counsel.

Moreover, plaintiff's counsel conceded at oral argument that the information concerning plaintiff's attendance was true.

Therefore, even if the Court were to recognize plaintiff's unpleaded, belated Fifth Amendment claim, the Court would dismiss the claim as being completely without merit or support. *See Codd v. Velger,* 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977); *Bishop v. Wood,* 426 U.S. 431, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *Walker v. Alexander,* 569 F.2d 291 (5th Cir. 1978); *Ortwein v. Mackey,* 511 F.2d 696 (5th Cir.1975); *Kaprelien v. Texas Women's University,* 509 F.2d 133 (5th Cir.1975); *Sims v. Fox,* 505 F.2d 857 (5th Cir.1974).

former employee. It would not be feasible or proper for the Court to engage in extensive review of refusals to reinstate former employees and other routine personnel decisions of the Postal Service. Therefore, the potential for disruption of the administrative process of hiring and rehiring Postal Service employees outweighs the need for, and the feasibility of, judicial review. The Court is extremely reluctant to undertake any review of the decision of the Postal Service not to reinstate Mr. Ross. *See Kletschka v. Driver,* 411 F.2d at 443; *Lutz v. United States Postal Service,* 538 F.Supp. 1129 at 1134.

## C

There is recent precedent, however, for providing a narrowly limited review of personnel decisions made by the Postal Service. This review is confined to an inquiry whether the Postal Service substantially complied with applicable procedures, whether its actions were arbitrary or capricious, and whether its decision had a rational basis. *Harrison v. McCullough,* No. 80–2462, slip op. at 3; *accord, Lutz v. United States Postal Service,* 538 F.Supp. 1129 at 1133. *See Coleman v. Darden,* 595 F.2d 533, 539 (10th Cir.1979). Such an examination of the actions of the Postal Service in the instant case reveals that the decision of the Postal Service to deny Mr. Ross's application for reinstatement should be left undisturbed.

Upon receiving Ross's application for reinstatement, the Postal Service reviewed Ross's personnel folder. Defendant Edna Passmore, an employment officer of the Postal Service in Birmingham, denied the application and cited Ross's poor attendance record as the reason for this denial. Ross appealed for a reconsideration of his application. His personnel folder was reviewed again and several of Ross's former co-workers and supervisors were interviewed. The principal purpose of these interviews was to discover what effect Ross's reinstatement would have on his once and future co-workers' morale.

Information in Ross's file indicated that he had defaulted on an endorsed loan with the Birmingham Post Office Credit Union after his resignation. His co-workers, the co-endorsers of the loan, had to pay Ross's debt. The interviews revealed substantial hostility on the part of the co-workers toward Ross. Following this investigation, defendant Charles Moore, Manager/Postmaster of the Birmingham Sectional Center of the Postal Service, again rejected Ross's application for reinstatement. At the request of plaintiff's counsel, defendant J.W. Ferguson delineated the reasons for the rejection of the application upon reconsideration.

Plaintiff concedes that the decision of the Postal Service had a rational basis. Plaintiff contends that the Postal Service did not comply with applicable procedures and acted in an arbitrary and capricious manner in reaching its decision. Specifically, plaintiff argues that the Postal Service failed to follow proper procedures and acted arbitrarily and capriciously when it examined all of the information in plaintiff's personnel folder and interviewed his co-workers and supervisors. In addition, plaintiff claims that he did not receive the consideration due him as a veteran and a career employee of the Postal Service. Both of these contentions are erroneous as a matter of law.

Plaintiff urges the Court to shut its eyes to everything in his personnel folder except P.S. Form 2574, to ignore the statements of his co-workers, and to compel the Postal Service to do likewise. On P.S. Form 2574, completed at the time of plaintiff's resignation, plaintiff's supervisor rated plaintiff's attendance, work performance, behavior and attitude "satisfactory," and the supervisor indicated that he would recommend that plaintiff be rehired if plaintiff ever sought reinstatement. On that same form, the Senior Operating Official refused to make a recommendation as to whether or not plaintiff should be rehired, should he so apply.

The Postal Service would have acted arbitrarily and capriciously had it done as plain-

tiff asks and relied solely on this equivocal form in reaching its decision. Every former employee seeking reinstatement is unique. A thorough investigation of the former employee's personnel record is warranted before the final decision is made. Only information properly maintained in the employee's personnel file may be considered. A decision based on inaccurate, irrelevant, untimely, or incomplete records would not withstand judicial scrutiny. *See* 5 U.S.C. § 552a(e)(5), (g)(1)(A), (C). Plaintiff has never suggested that the records maintained in his personnel file were irrelevant or incomplete.[2] Plaintiff averred in his complaints that his personnel file contained inaccurate data. The Postal Service concedes that records concerning a debt owed to a hospital by another Albert Ross employed by the Postal Service were placed erroneously in plaintiff's file, but the Postal Service asserts that this indebtedness was not a significant factor in its decision to deny plaintiff's application for reinstatement. Plaintiff grants this in his concession that the decision of the Postal Service was rationally based. There is no evidence that any of the other records in plaintiff's file was inaccurate; plaintiff conceded the accuracy of these documents at oral argument. Therefore, the Postal Service acted properly in reviewing and considering all of the relevant, accurate and timely information in plaintiff's personnel folder.

◼ Although it may be unusual for the comments of co-workers and supervisors to be solicited in the course of determining whether to reinstate a former employee, such a procedure is not arbitrary or capricious. Arbitrariness and capriciousness connote irrationality in a chosen course of action. Under the circumstances of this case, it was reasonable for the Postal Service to solicit the comments of those co-workers whom plaintiff left "holding the bag" after he had resigned and defaulted on his loan, and it was reasonable for the Postal Service to rely on those comments. The Postal Service followed proper procedures and did not act arbitrarily or capriciously when it examined all of the information in plaintiff's personnel folder and interviewed his co-workers and supervisors.

◼ The actions taken by the Postal Service in considering Ross's application for reinstatement were all that plaintiff was entitled to as a veteran and a career postal employee. Veterans and career postal employees are eligible for reinstatement at any time during their lives. POM § 261.-313(b)(2). They possess no right to reinstatement; they merely have the right to be considered for reinstatement. The decision to reinstate a former career postal employee or a veteran remains in the discretion of the appointing official.

2. Although not pleaded in his complaints, plaintiff contends in his briefs that untimely records were maintained in his file and were considered in passing on his application for reinstatement. Postal Service regulations provide that only permanent records may be maintained in Official Personnel Folders (OPF) of Postal Service employees. POM § 621.332. "Permanent records" are defined as "(a) those with lasting importance affecting the employee's status, salary, benefits or services, (b) those with significance in the employee's career history, and (c) those pertaining to disclosure of records from the OPF." *Id.* § 621.421. Any record which is not a permanent record is considered a temporary record and must be destroyed on separation or transfer or after one year, whichever comes first. *Id.* § 621.431. Plaintiff argues that records pertaining to his medical excuse from certain duty and to his work attendance should have been purged from his OPF pursuant to these regulations. Plain-

tiff is in error as to the latter records; these may be maintained in his file under applicable Postal Service regulations. *Id.* § 314.535; 47 Fed.Reg. 12,026. Although plaintiff is arguably correct as to the former records, POM § 621.-322(a), .421(a), plaintiff's medical excuse from certain duty was only one of the reasons given by the Postal Service for refusing to reinstate plaintiff. Other rational bases for its decision were delineated by the Postal Service. Plaintiff has acknowledged that the decision of the Postal Service had a rational basis. Therefore, even if the Court were to take cognizance of plaintiff's unpleaded, belated claim that untimely records were maintained in his OPF, and even if the Court were to find that certain of these records were untimely, the Court would hold that the adverse determination of plaintiff's application for reinstatement was not as a result of the presence or any consideration of the untimely data. *See* 5 U.S.C. § 552a(g)(1)(A), (C).

PSELRM, ch. 3, § 322.231.[3] In the instant case, Ross's application was duly considered and reconsidered. The Postal Service reasonably exercised its discretion in opting not to reinstate Ross. Therefore, the decision of the Postal Service must be affirmed.

## II

 ▮ Plaintiff also seeks to recover under a theory of misrepresentation. Plaintiff alleges that defendant Edna Passmore misrepresented to plaintiff that he was eligible for rehire at the time of his resignation. This claim must be denied as a matter of law on several grounds. First, the United States is immune from suits based on claims of misrepresentation. *United States v. Neustadt,* 366 U.S. 696, 702, 81 S.Ct. 1294, 1298, 6 L.Ed.2d 614 (1961); *Bor-Son Building Corp. v. Heller,* 572 F.2d 174, 178 (8th Cir.1978); *Ramirez v. United States,* 567 F.2d 854 (9th Cir.1977); *Fitch v. United States,* 513 F.2d 1013 (6th Cir.), *cert. denied,* 423 U.S. 866, 96 S.Ct. 127, 46 L.Ed.2d 95 (1975). Second, Ms. Passmore is immune from liability because she acted within her official capacity as an employee of the federal government, her actions were discretionary, not ministerial, and she did not violate any of plaintiff's constitutional rights. *See Harlow, et al. v. Fitzgerald,* — U.S. ——, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Butz v. Economou,* 438 U.S. 478, 507–08, 98 S.Ct. 2894, 2911, 57 L.Ed.2d 895 (1978); *Barr v. Mateo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). Third, even if a cause of action against the United States based on misrepresentation were cognizable by this Court, the Court would lack the jurisdiction to hear the present case, for plaintiff has never filed the requisite administrative tort claim. 28 C.F.R. §§ 14.-2(a), 2675(a). *See, e.g., Schuler v. United States,* 628 F.2d 199 (D.C.Cir.1980); *Shelton v. United States,* 615 F.2d 713 (6th Cir. 1980); *Three-M Enterprises, Inc. v. United States,* 548 F.2d 293, 294–95 (10th Cir.1977). Fourth, plaintiff stated upon *ore tenus* examination during argument of the current motion that he did not rely on the statements of Ms. Passmore in reaching his decision to resign from the Postal Service. The Court would be compelled to deny plaintiff's claim of misrepresentation as a matter of law were it to reach the merits of this claim. Therefore, plaintiff's claim of misrepresentation is due to be dismissed.

## III

 ▮ Finally, although not stated in his complaints, plaintiff avers in his brief that he seeks relief under the provisions of the Privacy Act, 5 U.S.C. § 552a. Even if the Court were to recognize this unpleaded, belated claim, the Court would not render an adjudication favorable to plaintiff. Plaintiff has not exhausted his administrative remedies under the Privacy Act. 5 U.S.C. § 522a(d)(3), (g)(1); 39 C.F.R. § 266.7. In addition to this jurisdictional barrier, the uncontroverted facts reveal that the Postal Service acted no worse than negligently in retaining incorrect and untimely data in plaintiff's personnel folder.[4] Mere negligence is not sufficient. Plaintiff would be entitled to damages only if there had been an intentional or willful violation of the Privacy Act. 5 U.S.C. § 552a(g)(4); *see Bruce v. United States,* 621 F.2d 914, 917 (8th Cir.1980). Thus, plaintiff's cause of action based on the Privacy Act should be dismissed.

In sum, the decision of the Postal Service not to reinstate Ross shall be sustained. Plaintiff's other causes of action, sounding

---

**3.** The right to be considered for reinstatement and the consideration to be given to an application for reinstatement are determined by the applicable statutes and Postal Service regulations. Plaintiff possessed no contractual right to a "fair and objective evaluation" of his application, as he contends in his complaint. There is no contract of employment between a Postal Service employee and the Postal Service. 39 U.S.C. § 1001(a). *See Taylor v. Beckman,* 178 U.S. 548, 577, 20 S.Ct. 890, 900, 44 L.Ed. 1187 (1900); *Crenshaw v. United States,* 134 U.S. 99, 105, 10 S.Ct. 431, 433, 33 L.Ed. 825 (1890); *Shaw v. United States,* 640 F.2d 1254, 1260 (Ct.Cl.1981); *Applegate v. United States,* 521 F.2d 1406, 211 Ct.Cl. 380, 381 (1975); *Urbina v. United States,* 428 F.2d 1280, 1284, 192 Ct.Cl. 875 (1970).

**4.** See note 2 *supra* and text following.

in misrepresentation and negligent violation of the Privacy Act, shall be dismissed. The defendants' motion for summary judgment shall be granted in all respects. A separate order embodying these conclusions will issue.